# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JAMES WILSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-07-334      Roy B. Morgan, Jr., Judge**

---

**No. W2008-00161-CCA-R3-PC  - Filed October 23, 2008**

---

The petitioner, James Wilson, appeals the Madison County Circuit Court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Because the petitioner has failed to prove his allegations by clear and convincing evidence, we conclude that the State's motion is well-taken.  Accordingly, we affirm the lower court's denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, James Wilson.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In October 2006, the petitioner pled guilty to two counts of possession of cocaine with intent to sell and/or deliver in exchange for a Range I, twelve-year sentence.[1]  He thereafter filed a timely petition for post-conviction relief.  The court denied the petition after an evidentiary hearing, and this appeal followed.

A post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence.  See Tenn. Code Ann. § 40-30-110(f) (2006).  This court is bound by the

---

[1]Although the indictments and judgment sheets were not included in the record on appeal, we discern from the transcript of the plea hearing that the court merged the two counts into one conviction.

post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. Id. at 458.

To establish a claim of ineffective assistance of counsel, the petitioner must meet both prongs of a two-prong test, showing both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, i.e., a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

When analyzing a guilty plea, we look to the federal standard announced in Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969), and the state standard set out in State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). In Boykin, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242, 89 S. Ct. at 1711. Similarly, our Tennessee Supreme Court in Mackey required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. Pettus, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

At the post-conviction hearing, trial counsel testified that the petitioner agreed to a maximum Range I sentence because he was actually a Range II or III offender. Counsel said the State had a strong case, consisting of a "good quality" videotape of the drug transaction as well as the potential testimony of the confidential informant. Counsel noted that the State had filed an intent to seek an enhanced sentence. Counsel said he discussed with the petitioner his criminal record and the possible sentence he faced after a trial, including the possibility of consecutive sentencing. Counsel

stated he discussed the guilty plea with the petitioner, and the petitioner freely and voluntarily made the decision to plead guilty.

The petitioner testified that he pled guilty because counsel "put the fear factor in [him]" by telling him he could get a twenty-four to thirty-two-year sentence, served at sixty percent, after a trial. The petitioner said that he now knew he "could have got[ten] a 4 or a 8 due to the fact of the sentence" and that consecutive sentencing was not a possibility because he was "off paper." However, the petitioner acknowledged there was a videotape of the drug transaction that showed he was guilty, and he readily admitted that he pled guilty because he was in fact guilty. He also admitted that he had six prior felony convictions. Asked if he currently wanted to go to trial in light of his criminal record, his confession, and the videotape of the drug transaction, the petitioner said he did not.

The post-conviction court recalled portions of the guilty plea hearing, which this court has also reviewed, in which the petitioner was clearly apprised of the sentencing range and the sentence he was accepting. The petitioner also acknowledged to the court during the plea hearing that he was not being forced or threatened into pleading guilty, and he was satisfied with his attorney's representation.

The post-conviction court found that the petitioner failed to prove his conviction was based on an unlawfully induced guilty plea or that he received the ineffective assistance of counsel. The court concluded, "It is very clear that the petitioner made a free, knowing and voluntary decision to enter his plea agreement."

The record shows that both trial counsel and the court discussed the plea with the petitioner, the petitioner pled guilty to avoid the risk of receiving a greater sentence after a trial, and the petitioner accepted a maximum Range I sentence in order to receive a Range I release eligibility as opposed to a Range II or III release eligibility. The record abundantly supports the conclusion that the petitioner's guilty pleas were knowingly, intelligently, and voluntarily entered and that he failed to prove that trial counsel was ineffective.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE